IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ENOLA RATCLIFFE,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE, Commissioner of the Social Security Administration,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EAJA PETITION FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:05-CV-751 TS |

   This matter is before the Court on Plaintiff's Petition for Attorney's Fees,[1] filed on April 30, 2007, under the Equal Access to Justice Act ("EAJA").[2] The Commissioner has filed no response to Plaintiff's Motion.

   Plaintiff was a prevailing party in his Social Security administrative appeal decided by Magistrate Brooke Wells, which decision was subsequently adopted by this Court on February 5, 2007.[3] As part of the decision, the Court remanded this case to the Administrative Law Judge ("ALJ") in order for the ALJ to further develop the record regarding Plaintiff's IQ.

---

   [1]Docket No. 21.

   [2]28 U.S.C. § 2412.

   [3]Docket No. 21. The Court notes that the Commissioner does not argue that Plaintiff was not a prevailing party.

The EAJA requires a court to award a prevailing party attorney's fees, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[4] The Commissioner has a burden to prove that his position was substantially justified in that it had a reasonable basis in both law and fact.[5]

The Court finds that the Commissioner has not met his burden in proving that his position was substantially justified. Moreover, the Court notes that no special circumstances are present which would make an award unjust. It is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees (Docket No. 21) is GRANTED. Plaintiff shall be paid attorney's fees in the amount of $2,513.36.

DATED   August 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Id.* § 2412(d)(1)(A).

[5] *Gilbert v. Shalala*, 45 F.3d 1391, 1934 (10th Cir. 1995).